NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA,
*Appellee*

v.

CHRISTOPHER GEORGE MULLENER,
*Appellant*

No. 1 CA-CR 19-0227

FILED 7-2-2020

---

Appeal from the Superior Court in Maricopa County
No.  CR2017-005946-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

-------------------------

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

-------------------------

**M O R S E**, Judge:

¶1 Christopher George Mullener appeals his convictions for aggravated driving under the influence while subject to an interlock device restriction. Counsel for Christopher has advised this Court that counsel found no arguable questions of law and, in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), asks this Court to search the record for fundamental error. We have also considered Christopher's supplemental brief, filed in propria persona. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 We view the facts in the light most favorable to sustaining the conviction. *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

¶3 In the early morning hours of April 4, 2017, Christopher's parents, George and Margaret, called the Gilbert Police Department to report that their vehicle had been stolen. George told the police dispatcher that Christopher had been drunk earlier that night, the keys to George's new truck were missing, and that he suspected Christopher had stolen his truck and was "driving it drunk." The police had been called to the Mullener residence approximately five hours earlier. During this earlier visit, Christopher's parents told police that Christopher had recently been getting drunk every day.

¶4 Police found George's vehicle double parked at a gas station less than a mile from the Mullener residence. The vehicle's interior electronics and brake lights were on, but the key was not in the ignition. Christopher was sitting in the driver's seat and appeared to be asleep. A strong smell of alcohol emanated from the vehicle. The officer knocked on the vehicle's window and Christopher seemed to wake up immediately.

¶5 At the instruction of law enforcement, Christopher exited the vehicle, but fumbled with the door and struggled to stand. The officer instructed Christopher to walk over to the nearby curb. Christopher

2

complied, but walked in a "very slow, lethargic fashion, taking very stumbling and staggered steps." Christopher's breath smelled of alcohol, he periodically drooled on himself while speaking, and his words were slurred and sometimes difficult to understand.

¶6            Police searched for the vehicle's ignition key, but it was never found. When asked about the keys, Christopher responded, "they [are] right where they [are] supposed to be," but refused to elaborate further.

¶7            Christopher's blood was drawn approximately two hours after his parents had called the police. Tests on Christopher's blood revealed his blood alcohol concentration was 0.356. Christopher also tested positive for alprazolam within a therapeutic range.

¶8            At the time of the incident, Christopher was required to equip any vehicle he drove with a certified ignition interlock device. George's vehicle did not have such an interlock device installed.

¶9            Because Christopher was required to equip any vehicle he operated with a certified interlock device, he was charged under A.R.S. § 28-1383(A)(4) with aggravated driving or actual physical control of a vehicle: 1) while under the influence of intoxicating liquor; 2) while there was an alcohol concentration of 0.08 or more in his body within two hours of driving; and, 3) while there was any drug defined in A.R.S. § 13-3401 or its metabolite in his body. All three counts were class four felonies. Prior to trial, the State dismissed two additional counts of driving or actual physical control of a vehicle while under the extreme influence of intoxicating liquor. The State further alleged Christopher had prior felony convictions and that he was on felony probation at the time of the present offense.

¶10            At trial, the jury found Christopher guilty of all three counts. The jury also found that Christopher was on felony probation at the time of the offense. The superior court held a trial on Christopher's prior convictions and found that the State had proven two prior felony convictions. The court sentenced Christopher to concurrent 10-year terms of imprisonment for each count, the lowest possible sentence Christopher could have received. *See* A.R.S. § 13-708(C) (requiring a sentence of "not less than the presumptive sentence" if the defendant committed the crime while on felony probation). Christopher received 179 days of presentence incarceration credit.

¶11 Christopher timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶12 Christopher argues that because the ignition key to the vehicle was never found he could "not have constructive possession of the vehicle" and, therefore, "the elements of the offense were not met[] and the conviction[s] for these offenses cannot stand." We construe Christopher's argument as a challenge to the sufficiency of the evidence.

¶13 "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987). Sufficiency of the evidence is a question of law, which we review de novo. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Sufficient evidence may be direct and circumstantial, and we resolve "all reasonable inferences against the defendant." *State v. Felix*, 237 Ariz. 280, 289, ¶ 30 (App. 2015).

¶14 Arizona law makes it unlawful for "a person to drive or be in actual physical control of a vehicle" while intoxicated. A.R.S. § 28-1381; *see also* A.R.S. § 28-1383. Christopher argues that his convictions must be reversed because the vehicle's ignition key was never found. We disagree. A "motorist can be convicted for *either* 'driving' *or* 'being in actual physical control' while under the influence of intoxicating substances." *State v. Love*, 182 Ariz. 324, 327 (1995) (emphasis added). The absence of the ignition key is not dispositive. *See State v. Dawley*, 201 Ariz. 285, 288, ¶ 7 (App. 2001) (noting that "actual physical control" does not require "the apparent ability to start and move a vehicle"). "[E]ven where a defendant is determined to have relinquished actual physical control, if it can be shown that such person drove while intoxicated to reach the place where he or she was found, the evidence will support a judgment of guilt." *Love*, 182 Ariz. at 327-28. The trial evidence, *supra* ¶¶ 3-7, was sufficient for a reasonable jury to conclude that Christopher drove the vehicle while he was impaired, while he had a blood alcohol concentration over 0.08, and while he had drugs in his system.

¶15 Christopher also raises an ineffective assistance of counsel claim, but this argument may not be considered in an *Anders* appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) (stating that ineffective assistance

of counsel claims "improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit").

¶16      Further, our independent review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reveals that Christopher was represented by counsel and was present at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at all critical stages).

¶17      The jury was properly comprised of eight jurors and two alternates, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offense, the State's burden of proof, the necessity of a unanimous verdict, and the presumption of innocence.

¶18      At sentencing, the superior court conducted the hearing in compliance with Christopher's constitutional rights and Arizona Rule of Criminal Procedure 26. Christopher was given an opportunity to speak, and the court explained the basis for imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the court imposed an appropriate sentence within the statutory limits. *See* A.R.S. § 13-703(J).

## CONCLUSION

¶19      For the foregoing reasons, we affirm Christopher's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Christopher of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶20 Christopher shall have 30 days from the date of this decision to proceed, if he desires, with an in propria persona motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA